**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:14-CV-00338-TBR-CHL**

DARIN J. HALEY                                                                                                  Plaintiff

v.

CAROLYN W. COLVIN,                                                                                    Defendant
COMMISSIONER OF SOCIAL SECURITY

**MEMORANDUM OPINION**

Plaintiff Darin J. Haley filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of an administrative decision by the Commissioner of Social Security after Haley's application for disability benefits was denied. Haley argues that the Appeals Council erred in its denial of his request for review and its failure to remand the case to the administrative law judge ("ALJ") for consideration of the Department of Veterans Affairs' ("VA") declaration that Haley was 100 percent disabled in a letter dated November 18, 2013, only one month after the ALJ's decision. Haley also argues that four of the ALJ's conclusions were not supported by substantial evidence.

**PROCEDURAL HISTORY**

Haley filed his application for disability benefits on December 14, 2012, alleging that he became disabled on August 4, 2012. (Docket No. 11 at 2.) Haley's application for disability benefits was initially denied on March 21, 2013 and denied again upon reconsideration on June 17, 2013. (Docket No. 9-4 at 2, 8.) Haley requested a hearing before an ALJ. Haley's hearing took place on August 19, 2013. (Docket No. 11 at 2.) Haley was represented by counsel at the hearing and testified, as did a vocational expert retained by the Social Security Administration. (Docket No. 9-2 at 43-65.) On October 11, 2013, the ALJ found that Haley was not disabled. (Docket No. 9-2 at 35.) The ALJ determined that Haley "has not been under a disability within the meaning of the Social Security Act from August 4, 2012, through the date of this decision." (Docket No. 9-2 at 27.) Though the ALJ found that Haley's impairments prevent him from

1

performing past relevant work, the ALJ determined that "considering [Haley's] age, education, work experience, and residual functional capacity, [he] is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (Docket No. 9-2 at 34-35.) Haley requested review of the ALJ's decision by the Appeals Council. (Docket No. 9-2 at 4). In a letter dated February 28, 2014, the Appeals Council denied Haley's request for review. (Docket No. 9-2 at 4).

## LEGAL STANDARD

A district court may not try a Social Security appeal *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility. See, e.g., *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Rather, the Court must affirm the conclusions of the Commissioner of Social Security absent a determination that the ALJ who made the determination regarding Haley's entitlement to benefits failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405(g); *see also Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Jordan*, 548 F.3d at 422 (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Courts must defer to an agency's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).

With respect to the correct legal standards, ALJs must perform a five-step analysis to determine whether a claimant is disabled within the meaning of the Social Security Act:

1. If the claimant is engaged in substantial gainful activity, she is not disabled.

2. If the claimant is not engaged in substantial gainful activity, but her impairment is not "severe," she is not disabled.

3. If the claimant is not engaged in substantial gainful activity and is suffering from a "severe" impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

> 4. Otherwise, if the claimant's impairment does not prevent her from doing her past relevant work, she is not disabled.
>
> 5. Even if the claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc.), she is not disabled.

20 C.F.R. § 404.1520; see also *Jordan*, 548 F.3d at 422.

The claimant bears the burden of proof with respect to the first four steps. *Jordan*, 548 F.3d at 422. The burden shifts to the SSA with respect to the fifth step, however, and at that step the Social Security Administration bears the burden of proving that there are available jobs in the national economy that the claimant is capable of performing. *Id.* at 423 (citing *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391–92 (6th Cir. 1999)).

## DISCUSSION

Haley presents two arguments. The Court will first address (I) Haley's argument that the Appeals Council erred in its denial of his request for review and its failure to remand the case to the ALJ for consideration of the VA's declaration that Haley was 100 percent disabled. The court will then turn to Haley's second argument (II) that four of the ALJ's conclusions were not supported by substantial evidence.

### I. VA's Determination of 100% Disability

When an ALJ makes a determination of a claimant's entitlement to benefits, the "disability decisions of other governmental agencies should be taken into account," *King v. Comm'r of Soc. Sec.*, 779 F. Supp. 2d 721, 725 (E.D. Mich. 2011) (citing *Harris v. Heckler*, 756 F.2d 431, 434 (6th Cir. 1985)), but they are not binding upon the ALJ's decision. *Turcus v. Soc. Sec. Admin.*, 110 F. App'x 630, 632 (6th Cir. 2004). While it is clear that the decisions of other governmental agencies are not binding, the Sixth Circuit "has not set forth a specific standard regarding the weight the Commissioner should afford a 100% disability determination by the VA." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 387 (6th Cir. 2013). The ALJ in this matter did not have an opportunity to consider the VA's determination because the

3

VA's decision was issued a month after the ALJ's opinion. (Docket No. 11 at 8; Docket No. 9-2 at 66.) The Sixth Circuit "has repeatedly held that evidence submitted to the Appeals Council after the ALJ's decision cannot be considered part of the record for purposes of substantial evidence review." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (citing *Cline v. Comm'r of Social Security*, 96 F.3d 146, 148 (6th Cir.1996)). However, this Court can remand the action for further administrative proceedings in light of new evidence if the party seeking remand, Haley, demonstrates that the evidence satisfies the requirements under 42 U.S.C. § 405(g).[1] *See id.*

42 U.S.C. § 405(g) requires that the party seeking remand of the action bear the burden of demonstrating that remand is proper. *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988) (first citing *Oliver v. Secretary of Health & Human Serv.*, 804 F.2d 964, 966 (6th Cir.1986); then citing *Willis v. Secretary of Health & Human Serv.*, 727 F.2d 551, 554 (6th Cir.1984) (per curiam)). Under Sentence Six of 42 U.S.C. § 405(g), the standard for remanding a claim for consideration of additional evidence is as follows:

> The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, *but only* upon a showing that there is *new evidence* which is *material* and that there is *good cause for the failure to incorporate* such evidence into the record in a prior proceeding

42 U.S.C. § 405 (emphasis added). Sentence Six has three requirements that must be met in order for this Court to remand the action. First, there must be new evidence meaning that the evidence was "not in existence or available to the claimant at the time of the administrative proceeding." *Foster*, 279 F.3d at 357 (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990)). According to the Commissioner's regulations, the term "evidence" includes "[d]ecisions by any governmental or nongovernmental agency about whether [the applicant is] disabled or blind." 20 C.F.R. § 404.1512(b)(1)(v). Second, the new

---

[1] The Commissioner argues that because the Plaintiff does not cite 42 U.S.C. § 405(g), specifically Sentence Six which is the basis for remand, he has "forfeited any consideration of whether the case should be remanded pursuant to Sentence Six of 42 U.S.C. § 405(g)." (Docket No. 20 at 11.) This Court does not find this argument persuasive as Haley addresses the substance of the requirements under Sentence Six even though he does not specifically cite Sentence Six or the required elements.

4

evidence must be material. *Foster,* 279 F.3d at 357. Evidence is only material if there is a "reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore*, 865 F.2d at 711. Third, a claimant must show good cause "by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Foster*, 279 F.3d at 357.

Here, the VA's assessment is a decision by another governmental agency concerning whether or not Haley is disabled, and therefore, it falls within definition of evidence under § 405(g). Furthermore, the VA's assessment is new evidence because it was rendered one month after the ALJ's decision and was "not in existence . . . at the time of the administrative proceeding." *Foster*, 279 F.3d at 357. As the VA's assessment was not in existence before the ALJ's decision and Haley had to await the VA's decision, the good cause requirement is satisfied. (*See* Docket No. 11 at 8; Docket No. 9-2 at 66.)

The difficulty arises under the materiality requirement. The Sixth Circuit recently addressed the materiality of a VA determination that a claimant was 100% disabled rendered after an ALJ's opinion. *Deloge v. Comm'r of Soc. Sec. Admin.*, 540 F. App'x 517, 518-19 (6th Cir. 2013). The Sixth Circuit found that "[t]he fact of a subsequent favorable assessment is not itself new and material evidence under § 405(g); only the medical evidence that supported the favorable assessment can establish a claimant's right to a remand." *Id.* at 519 (citations omitted); *see also Graley v. Colvin*, No. 1:14-CV-00728, 2015 WL 3935953, at *2-3 (N.D. Ohio June 26, 2015).[2]

Haley argues that the VA's subsequent favorable assessment is material and requires remand of this matter. (Docket No. 11 at 8-10.) Haley focusses on the finding of the VA that he has a Global Assessment of Functioning ("GAF") of 50 and is 100% disabled. (*See* Docket No. 11 at 9.) Haley states that a GAF of 50 indicates "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no

---

[2] The decision of another district court in this Circuit, *Graley v. Colvin*, is in the process of being appealed to the Sixth Circuit. This Court is aware that the issues in this case and in *Graley* are very similar and that this Court's decision is in-line with the district court's decision in *Graley*. *See Graley*, 2015 WL 3935953, at *2-3.

friends, unable to keep a job)." (Docket No. 11 at 9 (citations omitted).) Alternatively, the ALJ considered Haley's psychiatrist's finding that he has a GAF of 65. (Docket No. 9-2 at 32.) The ALJ stated that "[a] GAF rating of 61-70 indicates some mild symptoms (e.g., depressed mood and mild insomnia) OR some difficulty in social, occupational, or school functioning (e.g., occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships." (Docket No. 9-2 at 32 (citations omitted).) Haley argues that the VA's alternative GAF score and its finding that Haley is 100% disabled is material. (*See* Docket No. 11 at 9-10.) However, the Sixth Circuit has established that "a subsequent favorable assessment is not itself new and material evidence." *Deloge*, 540 F. App'x at 519. Therefore, Haley is not entitled to a remand of his claim merely because of a subsequent VA determination that he is 100% disabled and has a lower GAF score. *See id.*

Courts are to "confine [their] review to whether the VA relied on new and material evidence" in its determination that a claimant is 100% disabled.[3] *Id.* Unfortunately, Haley has not attached any new medical records related to the VA determination. (*See* Docket Nos. 9-7; 9-8.) Haley has also not pointed to any specific findings in the record that led to the VA determination. (*See* Docket No. 11 at 8-10.) Haley has not provided this Court with the medical evidence that supported the VA's subsequent favorable determination. Consequently, Haley fails to satisfy his burden of establishing that the evidence is material under § 405(g) and his request to remand to consider additional evidence is denied. *See Deloge*, 540 F. App'x at 519 (citing *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001)).

---

[3] However, the Court does note that while Haley has not attached any new medical records related to the VA's determination, (See Docket Nos. 9-7; 9-8), the VA's letter provides a list of the evidence that the VA relied on in making its determination. (Docket No. 9-8 at 432-33.) It is clear from the VA's list of evidence that the VA considered evidence that was not available to the ALJ. (Docket No. 9-8 at 432-33.) The evidence includes additional physical and psychiatric examinations that took place before the ALJ issued his opinion. (Docket No. 9-8 at 433.) While this Court does not know the contents of those additional records, there is sufficient evidence to show the additional records are not in the administrative record and that they concern matters germane to Haley's benefits claim. (*See* Docket No. 9-8 at 433.) Having made that observation, without guesswork this Court is unable to determine if there is a reasonable probability that the Commissioner would have reached a different disposition of the disability claim if this matter was remanded with the new evidence. This decision is troublesome to the Court, but it believes this decision complies with existing case law. Certainly a remand to examine these records would seem reasonable, but the appellate court is in a better position to distinguish the precedent.

## II.      Substantial Evidence to Support ALJ's Conclusions

Haley contends that the ALJ erred in reaching four conclusions that were not supported by substantial evidence. Haley argues that the ALJ's finding that he has the residual functional capacity to perform light work with certain allowances is not supported by substantial evidence. (Docket No. 11 at 4.) Haley also contends that the ALJ's following three conclusions are not supported by substantial evidence: (1) transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,' whether or not the claimant has transferable job skills;  (2) there are jobs that exist in significant numbers in the national economy that Haley can perform; and (3) Haley has not been under a disability, as defined by the Social Security Act, from August 4, 2012, through the date of the ALJ's decision. (Docket No. 11 at 15.) Haley argues that these three conclusions are in error and not supported by substantial evidence because the ALJ would not have reached these conclusions had the ALJ's first finding that Haley has the residual functional capacity to perform light work not been in error and he had been found disabled before reaching the last three conclusions.

Haley argues that there was not substantial evidence to support the ALJ's conclusion that he has the residual functional capacity to perform light work with allowances because of the following three errors: (A) the ALJ erred in giving "little weight" to the opinions of Haley's treating psychiatrist; (B) the ALJ erred in disregarding Haley's traumatic brain injury ("TBI") based upon normal MRI results; and (C) the ALJ erred in characterizing Mr. Haley as currently employed.  This Court will address each of these alleged errors in turn.

### A.  The ALJ Erred in Giving "Little Weight" to the Opinions of Haley's Treating Therapist

The Commissioner of Social Security has promulgated standards for the treatment of medical source evidence. *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011). The standard at issue in this case is known as the treating physician rule. *Cole*, 661 F.3d at 937. Under this rule, "the Commissioner has mandated that

the ALJ will give a treating source's opinion controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." *Id.* (citation omitted) (internal quotation marks omitted). When the ALJ does not give the treating physician's opinion controlling weight, the ALJ must apply certain factors, including "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source," to determine what weight to give the treating source. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (citing 20 C.F.R. § 404.1527(c)(2)). The Social Security Commissioner's regulations also require that an ALJ give "good reasons" for the weight he or she gives to a treating physician's opinion. 20 C.F.R. § 404.1527(c)(2). Consequently, if an ALJ denies a claimant benefits, the ALJ's opinion "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson*, 378 F.3d at 544 (quoting Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5 (July 2, 1996)).

Here, the ALJ "afforded little weight to the opinion provided by Dr. Regina Raab." (Docket No. 9-2 at 33.) Haley argues that the ALJ's opinion is "unsupported" and "wrong" (Docket No. 11 at 11.) In particular, Haley points to the ALJ's decision to give little weight to Dr. Raab's opinion because her "opinion is based on the claimant's subjective complaints, which have been shown to be inconsistent with actual objective medical evidence." (Docket No. 11 at 11.) Haley argues that the ALJ erred by not identifying which "objective evidence" the ALJ found to be inconsistent with his subjective complaints. (Docket No. 11 at 11.)

The ALJ gave little weight to Dr. Raab's opinion for several enumerated reasons. The ALJ found that Dr. Raab's opinion, "which would render [Haley] disabled, is not supported by the level of treatment the claimant has received and is not supported by the actual benefit the claimant has received with

8

treatment." (Docket No. 9-2 at 33.) Furthermore, the ALJ concluded that Dr. Raab's "opinion is based on the claimant's subjective complaints, which have been shown to be inconsistent with actual objective medical evidence and improvement with conservative treatment. (Docket No. 9-2 at 33.) As is evidenced by the ALJ's aforementioned analysis, the ALJ gave "good reasons" for giving Dr. Raab's opinion little weight as the ALJ provided specific reasons supported by the evidence.

In support of his conclusions regarding Dr. Raab's opinion, the ALJ provided ample evidence earlier in his opinion. The ALJ noted that Haley has undergone psychiatric treatment for posttraumatic stress disorder ("PTSD") and depression. (Docket No. 9-2 at 32.) The ALJ further noted that Haley has "reported nightmares and anxiousness, as well as depressed mood and anger." (Docket No. 9-2 at 32.) Because of his difficulties, Haley sees a therapist or psychiatrist once a month. (Docket No. 9-2 at 31.) Despite his mental health problems, the ALJ stated that Haley "has been found to be fully oriented, and to have a mood within normal limits with anger and irritability." (Docket No. 9-2 at 32.) With medication and monthly psychiatric therapy sessions, the ALJ pointed out that Haley's nightmares have decreased. (Docket No. 9-2 at 32.) The ALJ noted that Haley has been found to be in a jovial mood at times and reported a decrease in his anger outbursts. (Docket No. 9-2 at 32.) Additionally, the ALJ focused on the Haley's psychiatrist's finding that he has a GAF score of 65 which indicates "some mild symptoms . . . OR some difficulty in social, occupational, or school functioning." (Docket No. 9-2 at 32.) Regarding the severity of Haley's psychiatric condition, the ALJ observed that Haley has not been hospitalized for his condition and that the records show "a lot of the claimant's subjective complaints involve his marital problems." (Docket No. 9-2 at 33.) Lastly, during the hearing on August 19, 2013, the ALJ personally observed that Haley related well to those in the courtroom and responded to questions "quickly and appropriately." (Docket No. 9-2 at 33.)

With regards to his reliance on the opinions of the State Agency medical consultants, the ALJ did not err. (*See* Docket No. 9-2 at 32.) The Commissioner's regulations state that "[s]tate agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists are

9

highly qualified . . . [and] [t]herefore, administrative law judges must consider [their] findings and other opinions . . . as opinion evidence." 20 C.F.R. § 416.927(e)(2)(i). As state agency medical consultants are highly qualified physicians who are experts in Social Security disability evaluations, substantial evidence supports the ALJ's reliance on their opinions. As the ALJ provided specific reasons for giving Dr. Raab's opinion less weight and those reasons were supported by the evidence in the record, there was substantial evidence to support the ALJ's decision. Haley's argument that the ALJ erred in giving less weight to Dr. Raab's opinion fails.

### B. The ALJ Erred in Disregarding Haley's Traumatic Brain Injury ("TBI") Based upon Normal MRI Results

In order to consider whether or not an impairment is severe, an ALJ must first determine that the alleged impairment is a medically determinable impairment. According to the Commissioner's regulations, a claimant must have a "medically determinable impairment that could reasonably be expected to produce [his or her] symptoms." 20 C.F.R. § 404.1529(b). For an ALJ to find a medically determinable impairment, "medical signs or laboratory findings" must show its presence. *Id.*

Haley states that the ALJ's decision is not supported by substantial evidence. (Docket No. 11 at 4.) Haley argues that the ALJ erred by "failing to articulate a well-founded, credible reason for discrediting [his] TBI diagnosis." (Docket No. 11 at 13.) In support of his argument, Hailey states that Dr. Raab repeatedly referred to his TBI in her notes and that the procedure he had at the Avicenna Pain Relief Clinic was for the treatment of his TBI-related complaints. (Docket No. 11 at 13.) Upon examination, however, the pincites Haley provides to support his assertions contain minor references to Haley's TBI. The pages Haley references in Dr. Raab's notes that refer to TBI merely state that Haley's visit was for "screening for traumatic brain injury." (Docket No. 9-7 at 85, 89.) Additionally, the medical record from Avicenna Pain Relief Clinic only mentions TBI in a list of Haley's "past medical history." (Docket No. 9-8 at 415.) Based upon the evidence that Haley cites, there is not a lack of substantial evidence.

10

The court has also considered the ALJ's conclusions regarding Haley's TBI. In his opinion, the ALJ found that Haley's TBI was not a medically determinable impairment because (1) an MRI of his brain was normal and (2) when Haley went through psychiatric testing, he was not found to have "an organic cognitive failure." (Docket No. 9-2 at 29.) The ALJ cites to the portions of the administrative record that support his conclusions. (*See* Docket No. 9-7 at 10, 86.) Although the ALJ was aware of Haley's complaint of a TBI, the ALJ found that the objective medical evidence in the record did not support a finding that it is a medically determinable impairment. (Docket No. 9-2 at 29.) Additionally, the Commissioner provides multiple pincites to the record that further support the ALJ's conclusion. (Docket No. 20 at 4-5.) As the ALJ's conclusion that Haley's TBI is not a medically determinable impairment is supported by substantial evidence, Haley's argument is not successful.

### C. The ALJ Erred in Characterizing Haley as Currently Employed

The Sixth Circuit has stated that substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Furthermore, "[w]hen deciding under 42 U.S.C. § 405(g) whether substantial evidence supports the ALJ's decision, [courts] do not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citing *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir.2001)). If an ALJ's decision is supported by substantial evidence, reversal is not appropriate "even if substantial evidence would support the opposite conclusion." *Id.* (citing *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005)).

Haley argues that the ALJ improperly found that the records suggest Haley has continued to work as a business manager for a car dealership. Haley reports that "[n]owhere in the record does it state that [he] is currently employed." (Docket No. 11 at 14.) This assertion is incorrect. The ALJ referenced "the medical record from May 2013" to support his conclusion that Haley appears to have continued working

11

as a business manager for a car dealership. (Docket No. 9-2 at 33; *see also* Docket No. 9-2 at 32 (citing the places in the record that suggest Haley was currently employed).) The Commissioner's brief provides a citation to a May 2013 medical record that the ALJ references to support his conclusion. (Docket No. 20 at 9-10.) This medical record states that "[b]ack in civilian life [Haley] is a business manager for a car dealership and has been for the past 12 years." (Docket No. 9-8 at 244.) Therefore, the ALJ was not mistaken that the record indicates that Haley was still employed as a business manager. However, Haley is correct that he testified that he is no longer employed as a business manager for a car dealership. (Docket No. 9-2 at 44, 47.) Haley's testimony conflicted with the evidence in the record that suggested he was still employed.

It is not this Court's role to resolve discrepancies in the record. *Bass*, 499 F.3d at 509. After reviewing the entire record and hearing Haley's testimony, the ALJ concluded the "records show that [Haley] has continued to work as a business manager for a car dealership." (Docket No. 9-2 at 33). As the ALJ's conclusion is supported by substantial evidence this Court cannot reverse his decision even if it is arguable that substantial evidence would support the opposite conclusion. *Bass*, 499 F.3d at 509. For the aforementioned reasons, Hailey's argument regarding the ALJ's conclusion that the record indicates he is still employed fails.[4]

For the foregoing reasons, the Plaintiff's claim is DISMISSED.

cc: counsel of record

---

[4] Haley also argues that the ALJ erred in his determination regarding Haley's ability to perform light work because the vocational expert "testified that there are no jobs in the national economy for an individual with injuries as described by Mr. Haley." (Docket No. 11 at 14.) While this is true, the vocational expert also testified that there are jobs for a person who retains the capacity for light work and is of the same age and education and has the same work experience as Haley. (Docket No. 9-2 at 60-62.) The ALJ relied on the latter opinion of the vocational expert in his determination that Haley "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (Docket No. 9-2 at 35.) The former was not the sole opinion of the vocational expert as perhaps Haley's argument suggests.